

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. O. Flowers
Secretary of State
Austin, Texas

Dear Sir:

Attention: Mr. James C. Favors

Opinion No. O-1327
Re: Dissolution of corporation
by adjudication in bankruptcy
and franchise tax of corporation
having made assignment for
benefit of creditors.

We are in receipt of your letter of October 16, 1939, in which you submit the following questions to this Department for an opinion:

"1. Is the adjudication of bankruptcy of a corporation in the Federal Court a judicial ascertainment of insolvency within the meaning of Article 1387, subdivision 7, R.C.S. of Texas?

"2. Does the franchise tax continue to accrue after a corporation has made an assignment for the benefit of its creditors and ceased to be active except for winding up its affairs?

Article 1387, Subdivision 7, Revised Civil Statutes, 1925, provides:

"A corporation is dissolved:

" . . .

"7. Whenever a corporation upon proper judicial ascertainment is found to be insolvent."

In Leyhe vs. Leyhe, (T.C.A. 1920) 220 S. W. 377, plaintiff instituted suit on a note executed by Leyhe Piano Company and to foreclose a lien. After the execution of the note the Leyhe Piano

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. L. C. Flowers, Page 2


Company was adjudged a bankrupt and following such adjudication made a composition with its unsecured creditors.

It was held by the court:

"The next proposition advanced by appellants is to the effect that no judgment could be taken after dismissal of two of the directors of the corporation. We are inclined to think that this proposition is also well taken. The adjudication of insolvency dissolved the corporation. R. S. Art. 1205. The corporation could not thereafter be sued. Orange Lumber Co. vs. Toole, 181 S. W. 823. By virtue of the statute the directors of the corporation at the time of its dissolution became trustees to wind up its affairs, R.S. Art. 1206. They act in said capacity collectively and suit could not be maintained to establish a corporate liability against any of them singly."

We have been unable to find any other case in this jurisdiction passing upon this question and must therefore recognize the above cited case as controlling your first question.

An assignment for the benefit of creditors is an absolute unconditional and irrevocable voluntary conveyance of property by the debtor to the assignee in trust for the purpose of paying debts out of the proceeds thereof. The assignee takes absolute title to the property for the trusts expressed in the instrument. 5 Tex. Jur. p. 59. A corporation may make an assignment for the benefit of creditors. Miller vs. Goodman, (T.C.A. 1897) 40 S. W. 743. The legal enity continues to exist notwithstanding there may have been an assignment for the benefit of creditors since Article 1387, Revised Civil Statutes, 1925, which provides for the dissolution of corporations does not provide that such action shall dissolve the corporation.

Article 7084, Revised Civil Statutes, 1925, provides that "except as herein provided every domestic and foreign corporation heretofore or hereafter chartered or authorized to do business in Texas . . . shall pay in advance to the Secretary of State a franchise tax for the year following," as therein provided. We find no exception exempting corporations that have made assignments for benefit of creditors. Article 7097, Revised Civil Statutes, 1925, sets out a different formula for computing the tax of a corporation "actually in process of liquidation." No doubt many corporations which have made assignments for the benefit of creditors are in actual process of liquidation looking to a complete dissolution of the corporation, and would be governed by the terms of this statute in computing their franchise tax.

Hon. M. O. Flowers, Page 3

If in certain instances it might seem inequitable that such corporations are required to pay a franchise tax, it must be noted that they are not without remedy since they may effect a dissolution under Article 1387, Revised Civil Statutes, 1925, or make a reduction in their capital stock.

It is our opinion that an ordinary adjudication in bankruptcy of a Texas corporation is a judicial ascertainment of insolvency within the meaning of Article 1387, Subdivision 7, Revised Civil Statutes, 1925.

In answer to your second question, it is our opinion that the execution of a general assignment for the benefit of creditors by a corporation does not within itself exempt such corporation from the payment of a franchise tax.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Cammack*

Cecil C. Cammack
Assistant

CCC:N

APPROVED DEC 19, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *Bots*
CHAIRMAN